[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE REINSTATEMENT
As part of his complaint, the plaintiff made a claim for equitable relief in the form of reinstatement. The court reserved decision on this matter to itself because of its equitable nature.
The plaintiff claims he is entitled to reinstatement because the jury found in his favor and awarded him money damages for back pay and lost benefits. He claims he was not awarded front pay. He cites the case of Truskoski v. ESPN, Inc., 823 F. Sup. 1007,1015 (D. Conn. 1993) for the proposition that an employee is entitled to reinstatement unless it can be shown that the employer would be seriously prejudiced by doing so. Id. The court held that only when the employment relationship is "rancorous, fraught with animosity, marked by compromise of defendant's interests, reflective of long standing or lasting frictions or marred by deficiencies in the plaintiff's performance" should reinstatement be disallowed. Id. at 1016.
None of the above exists in the present situation. The two individuals, Mr. Edward Hoffman and Mr. William Peabody, the only two people with whom the plaintiff had difficulties, are no longer with Connecticut College. There was no evidence of any problems with others. Accordingly the criteria of the Truskoski
case has been met.
The defendant argues that the plaintiff has had an adequate remedy at law, by way of front pay damages. The court's review of the verdict of $353,353 does not require such a finding, if it is considered that it included back pay and loss of benefits, but not front pay. The court also rejects the defendant's assertion that reinstatement may only be ordered if there is a statute requiring the same. It quotes the case of Ford v. Blue Cross BlueShield of Connecticut, 216 Conn. 40 (1990). In that case reinstatement was ordered. The plaintiff was fired in retaliation CT Page 8685 for filing a worker's compensation claim. She relied upon Conn. Gen. Stat. § 31-290a in seeking reinstatement. The statute specifically call for reinstatement as one of the remedies for wrongful discharge under the statute. However, that case does not hold that reinstatement can be ordered only if a statute so provides.
In the case of Truskoski, supra, reinstatement was ordered absent any statutory provision. The court disagrees with the defendant's claim that no employer-employee relationship between the plaintiff and defendant can be salvaged. The two people with whom the plaintiff had difficulty are no longer at the college. He had no problem with others that would prevent reinstatement.
As to defendant's argument that a there should be a remittitur for front pay if reinstatement is ordered, the court finds that no front pay was awarded, therefore, no remittitur should be ordered.
Hurley, J.